IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**TONYA FULBRIGHT**                                                                                          **PLAINTIFF**

v.                                    NO. 1:19-cv-00025 PSH

**ANDREW SAUL, Commissioner of**                                              **DEFENDANT**
**the Social Security Administration**

MEMORANDUM OPINION AND ORDER

Plaintiff Tonya Fulbright ("Fulbright") began this case by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, Fulbright challenged the final decision of the Commissioner of the Social Security Administration ("Commissioner"), a decision based upon the findings of an Administrative Law Judge ("ALJ").

Fulbright maintains that the ALJ's findings are not supported by substantial evidence on the record as a whole.[1] Fulbright so maintains for two reasons, one of which is that the ALJ erred when she failed to resolve a conflict between the testimony of a vocational expert and the Dictionary of Occupational Titles ("DOT").[2]

---

[1] The question for the Court is whether the ALJ's findings are supported by substantial evidence on the record as a whole. "Substantial evidence means less than a preponderance but enough that a reasonable person would find it adequate to support the decision." See Boettcher v. Astrue, 652 F.3d 860, 863 (8th Cir. 2011).

[2] Fulbright also maintains that her residual functional capacity was erroneously assessed because the ALJ "omitted any sit-stand option, found that Fulbright can perform frequent handling and fingering (i.e., up to two-thirds of a normal workday), and imposed no limitations due to medication side effects or migraines." See Docket Entry 10 at CM/ECF 22. Fulbright's contention has no merit as substantial evidence on the record as a whole supports the assessment of her residual functional capacity.

Disability claims are evaluated using a five step sequential evaluation process, the fifth step of which requires the ALJ to consider whether the claimant can perform other jobs in the national economy. See Crawford v. Colvin, 809 F.3d 404 (8th Cir. 2015). The ALJ may rely upon a vocational expert's testimony to show that "jobs exist in significant numbers which a person with the claimant's residual functional capacity can perform." See Gann v. Berryhill, 864 F.3d 947, 952 (8th Cir. 2017) [quoting Sultan v. Barnhart, 368 F.3d 857, 864 (8th Cir. 2004)]. The testimony should generally be consistent with the DOT. See Peters v. Berryhill, 2018 WL 1858159 (E.D.Mo. 2018).[3] Social Security Ruling 00-4p requires the ALJ to ask the vocational expert about any possible conflicts between the vocational expert's testimony and the DOT. See Moore v. Colvin, 769 F.3d 987 (8th Cir. 2014). If there is a conflict, or an "apparent unresolved conflict," the ALJ must elicit a reasonable explanation for the conflict and resolve the conflict by determining if the explanation provides a basis for relying on the testimony rather than the DOT. See Id. at 989-990. Absent an adequate explanation, testimony that conflicts with the DOT does not constitute "substantial evidence upon which the [ALJ] may rely to meet the burden of proving the existence of other jobs in the economy a claimant can perform." See Id. at 990 [quoting Kemp v. Colvin, 743 F.3d 630, 632 (8th Cir. 2014).

---

[3] The DOT provides "'standardized occupational information' by listing the functional requirements for a number of jobs available in the national economy." See Stanton v. Commissioner, Social Security Administration, 899 F.3d 555, 558 (8th Cir. 2018) [quoting 1 Dictionary of Occupational Titles, xv (4th rev. ed. 1991). The job characteristics for each position "'reflect[] jobs as they have been found to occur, but … may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities,' Id. at xiii, and … 'not all of the jobs in every category have requirements identical to or as rigorous as those listed in the [Dictionary].'" See Id. [internal citations omitted].

During the administrative hearing, a vocational expert testified that Fulbright could not return to her past relevant work through the date last insured. The ALJ then asked, and the vocational expert answered, the following questions:

> Q: All right. Please assume we have an individual, for my first hypothetical, who is between the ages of 18 and 44—still a younger person—with a high school education and above, the skilled work experience you described.
>
> Assume this individual can perform no more than sedentary work as defined in the regulations; can occasionally reach overhead bilaterally; can frequently, but not constantly, handle, finger, and feel with the left, non-dominant arm and hand—non-dominant hand; can occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl but never climb ladders, ropes, or scaffolds; and cannot work at unprotected heights or around moving mechanical parts.
>
> In your opinion, are there jobs in the national economy such a person could perform?
>
> A: There are, Judge. These would include—this would include work as a document preparer. This is DOT number 249.587-018. In the state of Arkansas, there are approximately 200 of these jobs; nationwide, about 23,000. This is sedentary—
>
> Q: All right. And—
>
> A: --unskilled, SVP 2 job.
>
> Q: All right. Thank you. 23,000 jobs, SVP 2, sedentary. Thank you.
>
> All right. And, finally, if you have an individual same age, same education, same work experience; however, this individual cannot work without missing work or being late more than twice per month or if they need to take frequent unscheduled breaks at will, that eliminates the document preparer and all jobs in the national economy. Is that correct?
>
> A: It would, Judge, yes.
>
> Q: All right. Now, I know that the DOT does not list overhead reaching. Are there any other inconsistencies with the DOT, and can you explain your testimony regarding the overhead reaching?

>A: I can. There are no other—well, I'm not sure that's an inconsistency. You're right; it's an omission of the DOT. And there are no other inconsistencies. The document preparer is simply someone who would be removing staples from a document and scanning it into the system. So there shouldn't be anything that would—at all, in that job, that would be—that would be overhead.
>
>Q: All right. And your testimony is based on your knowledge, education, training, and experience, or it is based on the DOT or a combination of both?
>
>A: A combination of both, but specifically, for the overhead reaching component, that's based on my knowledge of the job.

See Transcript at 105-107.

The ALJ assessed Fulbright's residual functional capacity and found that she was capable of sedentary work through the date last insured, albeit with limitations that included the following: "She can occasionally reach overhead bilaterally ..." See Transcript at 55. At step four, the ALJ found that Fulbright was unable to perform her past relevant work through the date last insured. The ALJ relied upon the testimony of the vocational expert at step five and found that a hypothetical individual with Fulbright's limitations could have worked as a document preparer through the date last insured. As a part of so finding, the ALJ found that the vocational expert's testimony was consistent with the DOT. On the basis of the foregoing findings, the ALJ concluded that Fulbright was not under a disability as defined by Social Security Act from the alleged onset date through the date last insured.

This case hinges upon whether the ALJ could rely upon the vocational expert's testimony that a hypothetical individual with Fulbright's limitations could perform work as a document preparer. Although a close question, and there is authority to support different views, the Court finds it best to order a remand and obtain some clarity.

4

The vocational expert testified that a hypothetical individual with Fulbright's limitations—limitations that include an inability to reach overhead bilaterally more than occasionally-could have worked as a document preparer. The DOT provides that the job requires "frequent" reaching but is silent as to whether it requires "overhead reaching." See Listing 249.587-018, 1991 WL 672349. The vocational expert characterized the variance between her testimony and the DOT as "an omission of the DOT." The vocational expert testified that the individual could perform the job because it does not require "overhead reaching" and based her testimony on her "knowledge of the job." The ALJ found that the testimony was consistent with the DOT.

The Court is troubled in two respects. First, the Court has difficulty embracing the ALJ's finding that the vocational expert's testimony is consistent with the DOT. In testifying that the job of document preparer does not require "overhead reaching," the vocational expert testified about an aspect of the job not specifically addressed by the DOT. It is clear, though, that the job nevertheless requires "reaching," a term defined as "extending hand(s) and arm(s) in any direction," see Kemp v. Colvin, 743 F.3d at 632, and requires that it be done "frequently," meaning that it be done from 1/3 to 2/3 of the time, see 1991 WL 672349. It is not clear whether "reaching frequently" entails something more than occasional "overhead reaching," and a conflict appears to exist between the vocational expert's testimony and the DOT.[4]

---

[4] See Lukehart v. Berryhill, 2018 WL 3727928, 6 (W.D.Mo. 2018) ("It may be ... that the jobs of document preparer, final assembler, and stuffer do not require any overhead reaching at all. But without an explanation in the record for the apparent discrepancy between the DOT and the VE's testimony, there is not sufficient evidence in the record to support the ALJ's conclusion that Mr. Lukehart could perform the three identical jobs despite the overhead-reaching limitation.") See also Holdeman v. Saul, 2019 WL 5783733 (W.D.Mo. 2019); Humphrey v. Berryhill, 2019 WL 1359286 (E.D.Mo. 2019); Coates v. Colvin, 2015 WL 4610991 (W.D.Mo. 2015).

It is true that "[t]he DOT's silence on a given limitation does not normally create a conflict between a vocational expert's testimony and the DOT." See Stamper v. Colvin, 174 F.Supp.3d 1058, 1065 (E.D. Mo. 2016). It is also true that vocational expert testimony can be what the Court of Appeals characterizes as "extra-DOT testimony" or "extra-DOT information," see Courtney v. Commissioner, Social Security Administration, 894 F.3d 1000, 1004 (8th Cir. 2018), and the testimony is not deemed to conflict with the DOT. The Court is not prepared to find, though, that the DOT is utterly silent as to the extent of reaching required of a document preparer or that the vocational expert's testimony here was simply "extra-DOT testimony" or "extra-DOT information." At a minimum, there is an apparent unresolved conflict between testimony that a job requires no "overhead reaching" and the DOT description of a job that includes "reaching frequently."

Second, the Court is not prepared to find that the ALJ adequately resolved the apparent conflict between the vocational expert's testimony and the DOT. The ALJ elicited, and the vocational expert provided, an explanation for the variance between the vocational expert's testimony as to the extent of reaching required of a document preparer and the DOT description of the job, i.e., "an omission of the DOT." The vocational expert also explained why she could testify that the job, while requiring "frequent reaching," does not require "overhead reaching," i.e., her "knowledge of the job." It is admittedly a close question whether the vocational expert's explanation provides an adequate basis for relying on her testimony, and there is authority to support different views. Having weighed the prevailing authority, the Court is not persuaded that the explanation provides an adequate basis for relying on her testimony.

In Montoya v. Social Security Administration, 2019 WL 2482719 (E.D.Ark. 2019), an ALJ found that Montoya was limited to sedentary work except that Montoya was limited to, inter alia, only occasional overhead reaching. A vocational expert identified two jobs that could be performed by a hypothetical individual with identical limitations, both of which required frequent reaching. When asked if her testimony was consistent with the DOT, she answered as follows: "It is, but I will state ... that the exception of the over – occasional overhead reach, the DOT does not address directional reaching. So that's based on my experience." See Id. at 2. The ALJ relied upon the vocational expert's testimony and found that Montoya could perform the jobs. United States Magistrate Judge Jerome Kearney was not persuaded, noting that "[o]ne wonders what is based on experience and how that experience explains the conflict." See Id. [emphasis in original]. In finding that a "more searching inquiry was required," he observed the following:

> The Eighth Circuit has held that a limitation to occasional overhead work conflicted with DOT jobs requiring frequent reaching. Humphrey v. Berryhill ... In a case of such conflict, the ALJ must obtain clarification from the VE about the conflict; here, the inquiry and response were insufficient. Rather than explain the jobs identified and the specific reaching requirements, the VE only responded that he relied on his experience to clear up the matter. He said the DOT was silent on overhead reaching but offered no support or citation to references for clarification. Thus, the ALJ's reliance on the VE's testimony was not supported by substantial evidence. Humphrey ... (remand was proper in the face of a DOT conflict where the VE provided "no insight into the issue"); ... Welsh v. Colvin ... (the ALJ resolved the apparent conflict by extensively questioning the VE, who cited to a professional journal to support her testimony).

See Id.

In Pixler v. Berryhill, 2018 WL 3742457 (W.D.Mo. 2018), an ALJ found that Pixler was limited to light work except that Pixler was limited to, inter alia, only occasional bilateral overhead reaching. A vocational expert identified jobs that could be performed by a hypothetical individual with identical limitations, all of which required frequent reaching. When asked if her testimony was consistent with the DOT, she testified that it was. She testified that the DOT did not "reference any jobs regarding direction of reaching and that as such her testimony was 'based on her professional experience.'" See Id. at 7. The ALJ relied upon the testimony and found that Pixler could perform the jobs. The district court was not persuaded, noting the following:

> … the [vocational expert] provided no personal observations or further explanation to support her opinion that positions requiring frequent reaching were consistent with the hypothetical limiting Pixler to occasional overhead reaching. … The VE's vague assurances that she relied on some combination of the DOT and her professional experience failed to provide a reasonable explanation to resolve the conflict. …

See Id. at 8.[5]

Much like Judge Kearney, the Court is of the opinion that a more searching inquiry would be beneficial. The vocational expert should provide greater support for her testimony regarding the extent of reaching required of a document preparer.

---

[5] But see Porter v. Berryhill, 2018 WL 1183400 (W.D.Mo. 2018). In that case, an ALJ found that Porter was limited to sedentary work except that she was limited to, inter alia, no overhead reaching but was frequently able to reach in all other directions. A vocational expert identified jobs that could be performed by a hypothetical individual with identical limitations, all of which required frequent reaching. When asked if his testimony was consistent with the DOT, he testified that it was, "but that it was also supplemented by his knowledge and experience of human resources and work practices in business and industry, 'as it related to no overhead reaching.'" See Id. at 14. The ALJ relied upon the testimony and found that Porter could perform the jobs. Porter challenged the finding on appeal. Although the case was remanded on other grounds, the district court found that "[s]ubstantial evidence in the record supports the ALJ's conclusion that Porter's inability to reach overhead does not preclude her from performing the duties of document preparer, lens inserter, or printed circuit board inspector." See Id.

The Commissioner's decision is reversed, and this case is remanded. The remand in this case is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991).

IT IS SO ORDERED this 12th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE